FRANK GALL, CHARLES MICKIENDROW AND PETER MUSTO, PLAINTIFFS-RESPONDENTS, v. NEW YORK & NEW BRUNSWICK AUTO EXPRESS CO., A CORPORATION, AND WILLIAM J. PAULSON, DEFENDANTS-APPELLANTS.

Argued January 19, 1944—Decided March 29, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the appellants, *Paul J. O'Neill*.

For the respondents, *George L. Burton*.

The opinion of the court was delivered by

COLIE, J. New York & New Brunswick Auto Express Co. and William J. Paulson appeal from judgments entered against them in the Middlesex County Court of Common Pleas arising out of an automobile accident. We are urged to reverse these judgments because of an alleged abuse of discretion by the trial court in denying defendants' motions for continuance and for a mistrial, based upon the alleged improper conduct of the plaintiff Musto; error of the trial court in ruling on a question of evidence and in the denial of the defendants' motions for nonsuit and direction of a verdict.

The facts, briefly, are as follows: On August 6th, 1942, an automobile owned and operated by the plaintiff Mickiendrow, and in which the plaintiff Gall was a passenger, was proceeding south on Route 24 in Middlesex County. It is alleged that the Mickiendrow car, while passing one of several trucks proceeding in the same direction, was forced from the south-bound lane across the safety isle onto the north-bound lane of traffic, where it collided with a car owned and operated by the plaintiff Musto. From an examination of the evidence we conclude that it was within the province of the jury to find that the truck of the defendant corporation, operated by one Paulson, was at the scene of the accident; that it pulled over from the right-hand lane for south-bound traffic into the left-hand lane for traffic going in the same direction and forced the Chevrolet car driven by Mickiendrow onto the north-bound lanes of traffic and into the path of the oncoming car of Musto. There was evidence of marks upon the truck of the defendant company from which the jury might find that it came in contact with the Chevrolet car of Mickiendrow. We will not detail the evidence for we

find there was plenary evidence to justify the trial court in submitting to the jury the question of the negligence of the driver of the defendant corporation.

We find no abuse of discretion in the trial court in the denial of defendants' motion for a continuance. The motion was based on the ground that the defendants' attorney had not received sufficient notice that the case would be tried on July 21st. On July 8th, the attorney for the plaintiffs wrote to defendants' attorney, advising him that the case had been set for trial on the 21st and that he would probably get a card from the court within a day or two. It is stated, and we take it as a fact, that no such card was received. Nevertheless the defendants were not prejudiced, inasmuch as they had two weeks' notice, lacking one day, of the trial date. If there was uncertainty as to the day set for trial, it would have been a simple matter to have inquired of the court clerk. This was not done.

The second ground urged for the granting of the continuance and we quote the language of defendant's counsel, "My second reason is that at the present time I am unable to produce a very material witness who is presently in the armed forces, and as I found out yesterday afternoon, is located at Fort Monmouth, New Jersey." Under these circumstances, it is the duty of the one applying for a continuance to disclose what he intends to prove by the absent witness so that the court may determine the question of materiality of the witness. A mere statement that the witness is material is insufficient. *Ogden* v. *Gibbons,* 5 *N. J. L.* 518. Applications for a continuance are addressed to the sound discretion of the court and we find no abuse thereof in denying the motion.

It is next urged that the judgments should be reversed because the trial court abused his discretion in denying the motion for a mistrial because of the improper conduct of the plaintiff Musto in conversing with several of the jurors. The general rule is that:

"Parties and other persons connected with a case on trial, or having some interest therein, should carefully avoid private communications with jurors, but whether a new trial should be ordered because of unauthorized communications between

a juror and a party or his attorney or a relative rests in the sound discretion of the court. The general principle underlying the cases is that a new trial will be ordered whenever it appears that such a communication has tended to create bias or prejudice in the minds of the jurors." 39 *Am. Jur., til. "New Trial,"* § 96.

In the instant case, when the trial court was advised that the plaintiff Musto had been seen in conversation with several of the jurors, he called before him in chambers the jurors who were involved and the plaintiff Musto and interrogated each separately and had the interrogation, taken stenographically by the court reporter. It appears beyond doubt that nothing was said to any of the jurors which related to the trial. We are of the opinion that the action of the trial court was commendable and that no harm or prejudice resulted to the defendants.

It is next urged that the trial court erroneously refused to admit in evidence a typewritten statement made by certain police officers subsequent to the accident. The defendants' attorney sought to introduce this statement for the purpose of affecting the credibility of Lieutenant Peterson and Officers Calmoneri's and Merken's testimony as to the presence of marks on the side of the truck. The officers had testified to having observed marks on the left side of the corporate defendant's trailer, and on cross-examination each admitted that the report made by them contained no reference to any such marks. Whatever affect that omission from the statement had on the credibility of the witnesses was a matter for the jury to pass upon. The admission of the statement itself would have added nothing to the jury's ability to determine the credibility of these witnesses, since each admitted that the statement was silent on the subject. At most, the statement was cumulative evidence of that to which the officers had previously testified. We find no error in this regard.

The judgments under review are affirmed, with costs.